# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MICHAEL B. TROEMEL**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Aug 13 2012, 9:33 am
**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANASTAZIA SCHMID, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1110-PC-618 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Rex W. Kepner, Special Judge
Cause No. 79C01-0502-PC-1

**August 13, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Anastazia Schmid appeals the denial of her petition for post-conviction relief. She raises four issues:

1. Whether her trial counsel was ineffective for failing to raise the defense of "Justified Reasonable Force" pursuant to Ind. Code § 35-41-3-11;

2. Whether her trial counsel was ineffective for failing to demand a second competency hearing after the court found Schmid competent to stand trial;

3. Whether her trial counsel was ineffective for failing to communicate an alleged plea offer to Schmid; and

4. Whether her trial counsel was ineffective for failing to call Schmid to testify in her own defense.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts of Schmid's crimes were set forth in the opinion issued in response to her direct appeal of her convictions of Class C felony battery by means of a deadly weapon,[1] Class C felony criminal recklessness by means of a deadly weapon,[2] Class B felony aggravated battery,[3] Class C felony battery resulting in serious injury,[4] murder, a felony,[5] and two counts of Class D felony criminal recklessness:[6]

> Schmid has an extensive history of psychological problems that began when she was a young girl. By 2001, when she was twenty-eight years of age, she

[1] Ind. Code § 35-42-2-1.
[2] Ind. Code § 35-42-2-2.
[3] Ind. Code § 35-42-2-1.5.
[4] Ind. Code § 35-42-2-1.
[5] Ind. Code § 35-42-1-1.
[6] Ind. Code § 35-42-2-2.

2

had been married and divorced and was living with her boyfriend, Tony Heathcote (Heathcote), the victim. Schmid's prior marriage had produced a daughter, and, on March 2, 2001, Schmid was informed that Heathcote allegedly had molested her daughter. Upon receiving this news, Schmid became very upset. Two days later, on March 4, 2001, Schmid and Heathcote were having sexual relations at their home using restraints, a dog collar, a leash, and a blindfold when Heathcote suggested that Schmid play the part of the little girl and Heathcote would play the part of the daddy. This statement caused Schmid to think of her daughter. At that time, Schmid obtained a knife and began stabbing Heathcote who was blindfolded and restrained at the ankles. Heathcote was stabbed thirty-nine (39) times and died. Later, Schmid indicated that at the time of the stabbing she had heard a voice telling her that she was the messiah and that Heathcote was evil and needed to be eliminated. Following a jury trial, Schmid was convicted with verdicts of guilty but mentally ill. This appeal ensued.

*Schmid v. State*, 804 N.E.2d 174, 177 (Ind. Ct. App. 2004), *trans. denied*.

In her direct appeal, Schmid argued the trial court erred when it denied her motion to continue due to the addition of private counsel, there was insufficient evidence to support her convictions, the trial court erred when it admitted testimony of the State's expert witness who testified regarding Schmid's sanity, and the trial court erred by "refusing to give her tendered instruction on the consequences of the different verdicts from which the jury could choose." *Id*. at 182. We affirmed.

On February 7, 2005, Schmid filed a *pro se* petition for post conviction relief. She amended the petition five years later. The post-conviction court held a hearing and on August 18, 2011, denied Schmid's petition.

**DISCUSSION AND DECISION**

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763

3

N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove her grounds for relief by a preponderance of the evidence. *Id.* A party appealing a negative post-conviction judgment must establish the evidence is without conflict and, as a whole, unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quoting *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind. 1997), *cert. denied*, 523 U.S. 1079 (1998)). The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).

All the arguments Schmid raises in this appeal assert her trial attorneys were ineffective. We review claims of ineffective assistance of counsel under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, a claimant must show counsel's performance fell below an objective level of reasonableness based on prevailing professional norms, *Taylor v. State*, 882 N.E.2d 777, 781 (Ind. Ct. App. 2008), and that deficient performance resulted in prejudice. *Id.*

"Prejudice occurs when the defendant demonstrates that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting

4

*Strickland*, 466 U.S. at 694). We need not consider whether counsel's performance fell below the objective standard if that performance would have not changed the outcome. *Strickland*, 466 U.S. at 687.

1.  Justified Reasonable Force Defense

At trial, Schmid's defense team offered the insanity defense, *see* Ind. Code § 35-41-3-11(b)(1), and presented evidence Schmid experienced auditory and visual hallucinations when committing the crimes. Schmid argues counsel should have raised the "Justified Reasonable Force" defense and she was prejudiced because, if counsel had done so, she would have been found not guilty.

The "Justified Reasonable Force" defense, also known as the "Battered Women's Syndrome" defense and the "effects of battery" defense, is also codified in Ind. Code § 35-41-3-11:

> (b) This section applies under the following circumstances when the defendant in a prosecution raises the issue that the defendant was at the time of the alleged crime suffering from the effects of battery as a result of the past course of conduct of the individual who is the victim of the alleged crime:
> (1) The defendant raises the issue that the defendant was not responsible as a result of mental disease or defect under section 6 of this chapter, rendering the defendant unable to appreciate the wrongfulness of the conduct at the time of the crime.
> (2) The defendant claims to have used justifiable reasonable force under section 2 of this chapter. The defendant has the burden of going forward to produce evidence from which a trier of fact could find support for the reasonableness of the defendant's belief in the imminence of the use of unlawful force or, when deadly force is employed, the imminence of serious bodily injury to the defendant or a third person or the commission of a forcible felony.
> (c) If a defendant proposes to claim the use of justifiable reasonable force under subsection (b)(2), the defendant must file a written motion of that intent with the trial court not later than:

5

> (1) twenty (20) days if the defendant is charged with a felony; or
>
> (2) ten (10) days if the defendant is charged only with one (1) or more misdemeanors;
>
> before the omnibus date. However, in the interest of justice and upon a showing of good cause, the court may permit the filing to be made at any time before the commencement of the trial.

The post-conviction court concluded:

> [Schmid's trial counsel] argued to the jury that Schmid did not know what she was doing at the time of [the] stabbing. In order to show the stabbing was justifiable, he would logically argue she made a conscious decision to stab [Heathcote]. The two are at least partially inconsistent, if not entirely inconsistent.
>
> * * *
>
> The facts did not support a defense of justifiable reasonable force because Tony was tied to a bed. There was no imminent threat to her. Schmid had not been physically abused for approximately five (5) months. Schmid did not stab Tony to prevent immediate or impending injury to herself.
>
> * * *
>
> Since the use of "justifiable reasonable force" defense is within the insanity defense statute, the best the defendant could hope for would be a verdict of Not Guilty By Reason of Insanity. This verdict form was given to the jury.

(App. at 91-92.)

The State argues trial counsels' decision not to pursue the Justifiable Reasonable Force defense was a strategic decision based on the evidence available at trial. We agree. As the post-conviction court found, the State's evidence at trial indicated Heathcote was bound when Schmid stabbed him. That would likely make it difficult for the defense to argue the "imminence of the use of unlawful force" required to show she acted with justifiable reasonable force. Therefore, Schmid has not demonstrated counsel was ineffective for declining to advance the Justified Reasonable Force defense. Nor has she demonstrated raising the defense would have changed the outcome of her trial.

6

2.     Competency Hearing

It is a violation of due process to convict a defendant who is incompetent to stand trial. *Gibbs v. State*, 952 N.E.2d 214, 219 (Ind. Ct. App. 2011), *trans. denied*. A defendant is not competent to stand trial when she is unable to understand the proceedings and assist in the preparation of her defense. *Id.* Schmid was initially found incompetent, but was then found competent to stand trial. She argues her trial counsel should have asked for another competency hearing. We disagree.

The post-conviction court found:

Conclusions of Law on Issue (A)(4):
A.     I.C. 35-36-3-2 does not require a hearing for a finding by the court after a defendant attains the ability to understand the proceedings and assist in the preparation of the defendant's defenses.
B.     Based on [the] testimony of [Schmid's trial counsel], Schmid was able to assist and communicate with her attorneys.
C.     Further, it seems this issue was or could have been raised on appeal.
* * *
Conclusions of Law on Issue (A)(6):
A.     Based on the opinions of Dr. Rahdert and Dr. DeSaii, Schmid was competent to stand trial.
B.     Schmid failed to prove how a hearing on her incompetence would have resulted in a different outcome.

(App. at 96-97.)

After the court found Schmid incompetent, she was committed to a mental health facility "for a few months." (Tr. at 439.) On January 17, 2002, after Schmid was released from the mental health facility, her trial counsel asked for an evaluation to determine competency. The court appointed two doctors to determine Schmid's competency, and both determined she was competent to stand trial. At the PCR hearing, one of Schmid's trial

7

counsel, Amy Hutchinson, testified she was able to communicate with Schmid during trial and Schmid was able to understand the proceedings. Hutchinson testified she and other trial counsel were able to communicate effectively with Schmid when they visited Schmid at the jail.

In support of her contention she was incompetent to stand trial, Schmid presented evidence to the post-conviction court that she was highly medicated during trial, and often appeared "on edge" or "nervous," (*Id*. at 441), during the court proceedings. Schmid's argument on appeal is a reiteration of her argument before the post-conviction court, and we are not permitted to reweigh the evidence or judge the credibility of the witnesses before the lower court. *See Fisher*, 810 N.E.2d at 679 (the post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses). Accordingly, we will not disturb the post-conviction court's decision.

3.       Counsel's Failure to Communicate Alleged Plea Offer

Counsel have a duty to "inform their clients of plea agreements proffered by the prosecution," and "failure to do so constitutes ineffective assistance under the sixth and fourteenth amendments." *Dew v. State*, 843 N.E.2d 556, 568 (Ind. Ct. App. 2006), *trans. denied*.

Schmid claims her trial counsel did not communicate a plea offer. The post-conviction court found:

> Facts Relating to Issue (A)(10):
> A.      [Schmid's counsel] and [prosecuting attorney] briefly discussed a resolution of the case while on break during the jury trial.
> B.      No firm offer was made by [prosecuting attorney].

8

C.     No offer was reduced to writing.
D.     [Schmid's counsel] did not communicate the discussion to Schmid because he did not consider it a sincere offer and it was not in writing.

Conclusions of Law on Issue (A)(10):

A.     In felony cases any plea agreement must be in writing.
B.     Oral discussions of possible outcomes of a case are not a plea agreement.
C.     The restroom discussions were not "developments" or "proposals" as defined in *Lyles v. State*, 382 N.E.2d, [sic] 991 (1978).

(App. at 98.)

Both Schmid's counsel and the prosecutor testified during Schmid's post-conviction hearing that there was no plea offer; instead, they discussed a possible compromise that would allow Schmid to plead guilty to Class C felony reckless homicide. Schmid's counsel testified he "spoke informally with the judge to try [to] obtain it and it just wasn't going to happen." (Tr. at 370.) Schmid's argument is an invitation to reweigh the evidence, which we may not accept. *See Fisher*, 810 N.E.2d at 679 (the post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses). Accordingly, we affirm the decision of the post-conviction court.

4.     Schmid's Right to Testify

Schmid claims counsel denied her the right to testify in her own defense at trial. During Schmid's post-conviction hearing, her trial counsel conceded he and Schmid did not discuss whether she would testify. The post-conviction court found:

A. Schmid has failed to prove that she requested to testify at trial[;]
B. Schmid has failed to prove that the outcome would have been different if she had testified[; and]
C. Also, this issue was or could have been raised on appeal.

9

(App. at 100.)

The testimony Schmid asserted during the post-conviction hearing she would have offered at trial was cumulative of other testimony presented. It included details of the sexual games Schmid and Heathcote played the night of his murder and of her state of mind while she stabbed him. Schmid has not demonstrated she was prejudiced because she did not testify. *See*, *e.g.*, *McCovens v. State*, 539 N.E.2d 26, 30 (Ind. 1989) (error in the admission of evidence not prejudicial if the evidence is merely cumulative of other evidence in the record).

## CONCLUSION

As Schmid has not demonstrated counsels' alleged errors were prejudicial, we affirm the denial of her petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.