In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 14-2974

ANASTAZIA SCHMID,

*Petitioner-Appellant*,

*v.*

STEVEN MCCAULEY, Superintendent, Indiana Women's Prison,

*Respondent-Appellee*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-200-WTL-TAB — **William T. Lawrence**, *Judge*.

———————————

ARGUED NOVEMBER 10, 2015 — DECIDED JUNE 8, 2016

———————————

Before POSNER, EASTERBROOK, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Anastazia Schmid was convicted in Indiana of murdering her boyfriend. She testified that she had heard a voice telling her that she is the Messiah and that the boyfriend had to die because he had sexually abused her daughter. The jury found her guilty but mentally ill. This spared her any risk of capital punishment but did

not avoid a long term in prison; the sentence is 55 years, with the final five suspended in favor of probation. See *Schmid v. State*, 804 N.E.2d 174 (Ind. App. 2004) (affirming the conviction and sentence).

After her conviction became final, Schmid sought collateral review in state court. The process took eight years and was unavailing. See *Schmid v. State*, 972 N.E.2d 949 (Ind. App. 2012). Schmid filed her petition without counsel, but her mental problems led the state judiciary to appoint counsel for her. After the state collateral proceedings ended, counsel stopped representing her.

Federal law gives state prisoners one year to commence proceedings under 28 U.S.C. §2254. See 28 U.S.C. §2244(d). That time is suspended while collateral proceedings are under way in state court. The parties agree that, when Schmid asked the state court for collateral review, 178 days remained in the period allowed by §2244(d). They also agree that the state collateral proceedings ended on November 8, 2012, when the Supreme Court of Indiana declined to hear her case. Schmid filed a federal petition on February 7, 2014, 15 months later. Given the time that had elapsed before state collateral review began, it was 278 days late. Schmid, representing herself, contended that equitable tolling justified the late filing. She gave two principal reasons: first, her mental problems (including post-traumatic stress disorder caused by her boyfriend's abuse of her and her daughter); second, delay by former counsel in turning over legal papers that she needed. Schmid contended that counsel did not produce these papers until October 2013, five months after the time set by §2244(d) had expired.

The district court recognized that the deadline in §2244(d) is subject to equitable tolling if "extraordinary circumstances" prevent timely filing. See *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Abandonment by counsel is one potentially extenuating circumstance, see *Maples v. Thomas*, 132 S. Ct. 912 (2012), and inability to access vital papers is another, see *Socha v. Boughton*, 763 F.3d 674 (7th Cir. 2014); *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013). The Supreme Court observed in *Christeson v. Roper*, 135 S. Ct. 891 (2015), that a prisoner's mental disability in conjunction with abandonment by counsel may justify the appointment of new counsel to explore the question whether the disability tolls the period of limitations. Nonetheless the district court denied Schmid's petition as untimely. 2014 U.S. Dist. LEXIS 85571 (S.D. Ind. June 24, 2014). The judge stated that Schmid had failed to explain which particular documents she needed in order to file a petition under §2254 or why she needed them. With respect to Schmid's claim of mental disability, the court said nothing at all.

We must assume for the purpose of this appeal that Schmid is afflicted by some mental disability—perhaps schizophrenic delusions (her defense at trial), perhaps post-traumatic stress disorder, perhaps both, or perhaps something else. Counsel representing Indiana was unable to tell us at oral argument what a verdict of "guilty but mentally ill" means under that state's practice. But the fact that Schmid has *some* kind of mental problem—her substantive constitutional argument is that she was not competent to stand trial in the first place—colors everything else in the case. Schmid could not explain to the district judge's satisfaction either the nature of her disability (and how it impeded

timely filing) or why she needed the papers that former counsel did not turn over until October 2013. Yet a mental disability might itself prevent an unrepresented prisoner from elucidating such matters.

As in *Christeson* this suggests that the district court's first step should have been to appoint counsel for Schmid under 18 U.S.C. §3006A(a)(2)(B). (*Christeson* dealt with 18 U.S.C. §3599, which uses the same standard as §3006A(a)(2)(B).) Counsel could have investigated Schmid's mental condition and explored the contents of prior counsel's files, formulating an explanation for delay satisfactory to the district judge. We remand this case with directions to appoint counsel and, if appropriate, hold an evidentiary hearing.

Decisions about equitable tolling under §2244(d) are reviewed deferentially on appeal, whether the district court finds tolling warranted or unwarranted. See *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). We have not applied that deferential standard here, however, because the district court did not gather the evidence needed for decision. Nor did the court consider whether a hearing is necessary. Once counsel has had a chance to present the best arguments from Schmid's perspective, the district court should apply the approach of decisions such as *Estremera*, 724 F.3d at 775–76; *Davis v. Humphreys*, 747 F.3d 497 (7th Cir. 2014); and *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013), to determine whether a hearing is in order.

VACATED AND REMANDED