In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1688

RONALD MARION CARPENTER, JR.,

*Petitioner-Appellant,*

*v.*

TIMOTHY DOUMA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 14-CV-771 — **J. P. Stadtmueller**, *Judge.*

ARGUED SEPTEMBER 8, 2016 — DECIDED OCTOBER 28, 2016

Before WOOD, *Chief Judge*, and KANNE and HAMILTON, *Circuit Judges*.

KANNE, *Circuit Judge*. A jury convicted Ronald Marion Carpenter, Jr. of kidnapping, false imprisonment, and several counts of sexual assault. Carpenter challenged his conviction on both direct and collateral review in Wisconsin state court. His conviction was affirmed, and his state petition for a writ of habeas corpus was denied.

Carpenter then filed a petition for a writ of habeas corpus in the Eastern District of Wisconsin. By the time he filed this federal petition, however, the one-year statutory limitation period had already passed. The district court dismissed Carpenter's petition as untimely. Carpenter does not dispute that his petition was untimely; instead, he argues that his delay should be equitably tolled and that we should hear the merits of his case. Because Carpenter has not met the standard for equitable tolling, we agree with the district court. We hold that Carpenter's petition is untimely and thus was properly denied.

## I. BACKGROUND

On August 27, 2008, a jury in Milwaukee County Circuit Court found Carpenter guilty of kidnapping, false imprisonment, four counts of second-degree sexual assault, and four counts of first-degree sexual assault. Carpenter was sentenced to fifty-nine years' imprisonment followed by twenty-four years of extended supervision. His conviction and sentence were affirmed on appeal, and the Wisconsin Supreme Court denied Carpenter's petition for review.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of several dates, only one of which is relevant to this case: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). This one-year period is statutorily tolled for the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending … ." § 2244(d)(2).

Carpenter's conviction became final on January 27, 2012, when the period for seeking *certiorari* expired. Because Carpenter had filed a petition for a supervisory writ in the Wisconsin Supreme Court on November 4, 2011, and because that petition remained pending when his conviction became final, the one-year AEDPA limitations period was statutorily tolled until February 23, 2012, when the Wisconsin Supreme Court rejected that petition. Carpenter's one-year window under AEDPA thus began on February 23, 2012.

The statutory period was again tolled on October 18, 2012—after running for 238 days—when Carpenter filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals. The court denied that petition. The Wisconsin Supreme Court upheld the denial of that petition on August 1, 2013, and the AEDPA period began to run again, leaving Carpenter with 127 days to file his habeas petition in federal court. Carpenter's window under AEDPA closed on December 6, 2013.

Carpenter didn't file his petition for a writ of habeas corpus in the Eastern District of Wisconsin until July 3, 2014, nearly seven months later. Carpenter does not dispute that the one-year limitations period under AEDPA expired before he filed his federal habeas corpus petition. Instead, he argues

that his delay should be excused under the doctrine of equitable tolling.[1] The district court rejected that argument. This appeal followed.

## II. ANALYSIS

In some circumstances, the doctrine of equitable tolling permits a federal habeas petitioner to overcome a breach of AEDPA's one-year limitations period. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). Although not a "chimera—something that exists only in the imagination," *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014), equitable tolling is an extraordinary remedy that is "rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010)). A habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted)). The habeas petitioner bears the burden of demonstrating both elements of the *Holland* test. *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). If the petitioner cannot demonstrate either of the two elements, then equitable tolling will not be applied. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755–56 (2016); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (rejecting equitable tolling without

---

[1] Carpenter makes other arguments in his petition including that he was denied the right to a public trial, that his trial counsel was ineffective, and that he should have been allowed to proceed *pro se* on appeal; however, because we find that his petition is untimely, we do not address these other arguments.

addressing diligent pursuit because the petitioner clearly could not demonstrate extraordinary circumstances).

Carpenter argues that both elements of the *Holland* test are met in this case. First, he argues that he diligently pursued his rights throughout the AEDPA period by filing various appeals, motions, and other documents in the Wisconsin and federal courts. Second, he argues that a variety of exceptional circumstances prevented his timely filing. The district court rejected Carpenter's arguments for equitable tolling and dismissed his petition as untimely. "We review the decision to deny equitable tolling for an abuse of discretion." *Obriecht*, 727 F.3d at 748 (quoting *Simms*, 595 F.3d at 781).

*A. Diligent Pursuit*

"The diligence required for equitable tolling purposes is reasonable diligence … not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Thus, to qualify for equitable tolling, Carpenter had to demonstrate that he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely habeas petition on July 3, 2014.

The Supreme Court in *Holland* found that a habeas petitioner had exercised reasonable diligence by writing his attorney "numerous letters seeking crucial information and providing direction"; "repeatedly contact[ing] the state courts, their clerks, and the Florida State Bar Association"; and preparing "his own habeas petition *pro se* and promptly fil[ing] it with the District Court" on the day he discovered that his AEDPA clock had expired. *Id*. In *Socha*, we similarly held that a habeas petitioner had exercised reasonable diligence by repeatedly writing his attorney requesting access to

his file, pleading with the public defender's office for help, and alerting the court "before the deadline arrived" that he sought to preserve his rights. 763 F.3d at 687–88.

Carpenter argues that his case is similar to *Socha* because he filed motions in federal court during the limitations period expressing his desire to preserve his rights. We disagree.

True enough, Carpenter did file two motions in federal court to stay and hold in abeyance his federal petition for habeas corpus. He filed the first motion on October 19, 2012, after the AEDPA limitations period had run for 238 days. He filed the second motion on January 13, 2014, after the AEDPA limitations period had expired. The filing of these motions, however, does not demonstrate that Carpenter diligently pursued his rights.[2]

Although the first motion is similar to the one that the petitioner in *Socha* filed in that it was filed before the AEDPA limitations period expired, the filing of that motion doesn't demonstrate that Carpenter exercised reasonable diligence. To the contrary, Carpenter's actions after filing that motion affirmatively undermine a finding of reasonable diligence. The district court denied that motion on October 22, 2012, because Carpenter had not yet filed a federal habeas petition. In so doing, District Judge Adelman explained that a stay cannot be granted on a habeas petition until that habeas petition is filed in the district court. Despite Judge Adelman's explanation, Carpenter waited another twenty-one months, nearly seven

---

[2] These motions were filed in two separate miscellaneous cases in the Eastern District of Wisconsin. The first motion was filed in Case No. 12-MC-66 before District Judge Lynn Adelman. The second motion was filed in Case No. 14-MC-5 before District Judge C. N. Clevert, Jr.

months beyond the expiration of the one-year limitations pe-
riod, to file his federal habeas petition. That extended delay in
filing in the face of the district court's procedural instruction
to the contrary is not reasonable diligence. *See Johnson v.
McCaughtry*, 265 F.3d 559, 565–66 (7th Cir. 2001) (holding that
a petitioner who "wasted" a significant number of days was
not entitled to equitable tolling despite errors made by the
trial court and the court of appeals).

Carpenter's filing of the second motion also does not qual-
ify as reasonable diligence for two reasons. First, the second
motion was untimely—filed over a month after the AEDPA
limitations period had expired. Thus, the second motion pro-
vides no support for the comparison to *Socha*, in which the
petitioner filed a motion to extend his AEDPA limitations pe-
riod *before* that limitations period had expired. 763 F.3d at 687–
88. Second, even if that motion had been timely, it still would
not qualify as reasonable diligence. By filing that second mo-
tion for a stay and abeyance, rather than a petition for a writ
of habeas corpus, Carpenter again flatly ignored the district
court's procedural instructions in its prior order denying the
first motion.

Here, unlike the petitioner in *Socha*, Carpenter did not ex-
ercise reasonable diligence in pursuit of his rights. Although
he did file two federal motions seeking an extension of time
to file a federal habeas action, he simply ignored the district
court's instructions regarding the proper way to seek such an
extension. The district court did not abuse its discretion in re-
jecting Carpenter's argument for equitable tolling on this
ground.

*B. Extraordinary Circumstances*

Because we agree with the district court that Carpenter failed to establish diligent pursuit, we conclude that he is not entitled to equitable tolling. But because the district court also considered Carpenter's arguments regarding the second element of the *Holland* test—extraordinary circumstances—we also briefly address this matter. *See Obriecht*, 727 F.3d at 750.

In order to qualify for equitable tolling, Carpenter also had to demonstrate that "[e]xtraordinary circumstances far beyond [his] control … prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The Supreme Court recently reiterated that this element is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Menominee Indian*, 136 S. Ct. at 756 (2016).

Carpenter argues that at least six circumstances prevented his timely filing. These include his (1) lack of legal training; (2) lack of appointed counsel during portions of the appeals process; (3) physical and mental health issues; (4) removal from his correctional facility to address his health issues; (5) inability to obtain a legal loan; and (6) conflicts with appointed counsel during his state appeal.

Carpenter concedes that some or all of these circumstances, taken alone, would be insufficient to justify equitable tolling. He is correct. We have held that "garden variety" claims are insufficient to justify equitable tolling. *Obriecht*, 727 F.3d at 749 (quoting *Holland*, 560 U.S. at 651–52); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010). As the district court noted, all of the circumstances Carpenter alleges "are common parts of prison life." *Carpenter v. Dittmann*, No. 14-CV-

771-JPS, 2015 WL 687499, at *5 (E.D. Wis. Feb. 18, 2015). As such, most of these circumstances, taken alone, do not qualify as "extraordinary."

Instead, Carpenter argues that these circumstances, when combined, rise to the necessary level of "extraordinary," so that equitable tolling is permissible. Carpenter is also correct that we look at "the entire hand" that he was dealt and use a "flexible standard that encompasses all of the circumstances that he faced and the cumulative effect of those circumstances" to determine whether they were "extraordinary" and truly prevented timely filing of his habeas petition. *Socha*, 763 F.3d at 686 (internal quotation marks omitted) (citing *Holland*, 560 U.S. at 650). But because these circumstances, even when combined, are nothing but ordinary, we agree with the district court and reject Carpenter's argument for equitable tolling on this ground as well.

The only arguably extraordinary circumstance that Carpenter faced involved his physical and mental health issues. We have held that mental incompetence can qualify as an extraordinary circumstance justifying equitable tolling. *Davis v. Humphreys*, 747 F.3d 497, 498–500 (7th Cir. 2014). We have also held that mental illness can toll a statute of limitations, but "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht*, 727 F.3d at 750–51 (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). Likewise, we do not doubt that a physical illness or other health issue could also justify equitable tolling if that issue was severe enough to actually prevent timely filing.

The issue here is that Carpenter failed to meet his burden of demonstrating that his physical and mental health issues,

even when combined with the other circumstances he classifies as extraordinary, "actually impaired his ability to pursue his claims." *Id.* at 751. What Carpenter alleges is that he was incarcerated, that he suffered from blood clots and other health issues, and that he was removed from his correctional facility for a few days to address those issues. Carpenter does not explain how those issues kept him from filing his habeas petition during the AEDPA limitations period or for nearly seven months after it.

Again, equitable tolling is an extraordinary remedy that is "rarely granted." *Obriecht*, 727 F.3d at 748. In *Socha*, we applied equitable tolling for a petitioner who faced hurdles that were "nearly insurmountable." 763 F.3d at 686. Although we recognize that Carpenter's circumstances may have made it more difficult for him to file a petition for habeas corpus, we do not believe that the district court abused its discretion when it found that "this is not an extraordinary case." *Carpenter v. Dittmann*, No. 14-CV-771-JPS, 2015 WL 687499, at *5 (E.D. Wis. Feb. 18, 2015). Carpenter's petition for habeas corpus was properly denied as untimely.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the petition for a writ of habeas corpus.