In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 16-1014

DENTRELL BROWN,

*Petitioner-Appellant,*

*v.*

RICHARD BROWN,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-1981-JMS-DKL — **Jane Magnus-Stinson**, *Chief Judge.*

_____

July 19, 2017

PER CURIAM.

On consideration of respondent-appellee Richard Brown's petition for rehearing and rehearing en banc, filed on March 9, 2017, a majority of judges in active service voted to deny the petition for rehearing en banc. Judges Flaum, Easterbrook, and Sykes voted to grant the petition for rehearing en banc. Judges Kanne and Hamilton voted to deny panel rehearing; Judge Sykes voted to grant panel rehearing.

Accordingly, the petition for rehearing and rehearing en banc filed by respondent-appellee Richard Brown is DENIED.


SYKES, *Circuit Judge*, with whom FLAUM and EASTERBROOK, *Circuit Judges*, join, dissenting from the denial of rehearing en banc.

Indiana asks us to rehear this habeas case en banc. For the reasons elaborated in my panel dissent and briefly summarized here, I would grant that request.

A federal court may not review a state prisoner's habeas claim unless the prisoner has exhausted state remedies by presenting the claim to the state courts for one full round of review. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Failure to exhaust is a procedural default and precludes federal review unless the prisoner establishes cause to excuse the default and consequent prejudice. *Coleman*, 501 U.S. at 749–50. Attorney error is not "cause" unless the error amounted to a denial of the prisoner's constitutional right to the effective assistance of counsel. *Id.* Because the Constitution does not guarantee counsel in postconviction proceedings, attorney error at that stage of the state criminal process is *not* cause to excuse procedural default. *Id.* at 755.

A narrow exception exists for defaulted claims of trial counsel's ineffectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984)—but *only* if state law expressly *requires* prisoners to bring these claims on collateral review, *Martinez v. Ryan*, 566 U.S. 1, 16–17 (2012), or a state's procedural

system effectively deprives prisoners of a meaningful opportunity to litigate the claim on direct appeal, *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). The panel majority held that *Martinez-Trevino* applies to defaulted *Strickland* claims by Indiana prisoners. *Brown v. Brown*, 847 F.3d 502, 510–13 (7th Cir. 2017). As I explained in my panel dissent, that decision is an unwarranted expansion of the narrow *Martinez-Trevino* exception. *Id.* at 519–21 (Sykes, J., dissenting).

Indiana does not expressly require prisoners to bring *Strickland* claims in collateral-review proceedings, and the state's procedural rules do not deny a meaningful opportunity to litigate the claim on direct review. To the contrary, the Indiana Supreme Court explicitly *permits* prisoners to bring these claims on direct appeal and provides a special procedure for developing the factual record necessary to effectively litigate the claim at that stage of the criminal process. *Id.* (discussing *Woods v. State*, 701 N.E.2d 1208 (Ind. 1998)). True, the state high court has said that postconviction review is normally the "preferred forum" for these claims, *Woods*, 701 N.E.2d at 1219, but a preference is not a requirement, *see Lee v. Corsini*, 777 F.3d 46, 60 (1st Cir. 2015) (*Martinez* and *Trevino* do not apply in Massachusetts even though the preferred method for raising a claim of ineffective assistance of counsel in that state is through a motion for a new trial.) (internal quotation marks omitted). Nothing in Indiana law either forecloses *Strickland* claims on direct review or makes it "all but impossible" to effectively present the claim in connection with a direct appeal. *Trevino*, 133 S. Ct. at 1920. "This takes Indiana outside the rule and rationale of *Trevino*." *Brown*, 847 F.3d at 521 (Sykes, J., dissenting).

The panel's contrary conclusion should be reconsidered by the full court—not only because it is mistaken but also because it has broad systemic importance. Expanding *Martinez-Trevino* disturbs the settled federalism and comity principles that animate federal habeas jurisprudence. *Id.* at 521–22. More concretely, it carries significant institutional costs. District judges in Indiana will now be flooded with defaulted *Strickland* claims, each requiring adjudication of the gateway *Martinez-Trevino* questions that open a path to plenary federal review of defaulted *Strickland* claims: Was postconviction counsel ineffective, and if so (or if the prisoner lacked postconviction counsel) is the underlying *Strickland* claim "substantial," i.e., does it have "some merit"? *Id.* at 518–19. Affirmative answers to these questions yields "full federal review of the defaulted claim unburdened by AEDPA's deferential standard of review." *Id.* at 522. As I explained in my panel dissent, this will shift much *Strickland* litigation to the Indiana federal district courts, altering the federal-state balance and seriously intruding on Indiana's sovereign authority to review convictions obtained in its own courts for compliance with federal constitutional requirements. *Id.* at 521–22.

The Supreme Court's newly released decision in *Davila v. Davis* supports en banc rehearing. There the Court refused to extend the *Martinez-Trevino* exception to a new context: defaulted claims of ineffective assistance of *appellate* counsel. *Davila v. Davis*, 137 S. Ct. 2058 (2017). *Davila* doesn't directly resolve whether *Martinez-Trevino* should be available to Indiana prisoners, but the Court's opinion is nonetheless instructive. First, the Court repeatedly emphasized that *Martinez-Trevino* is a "narrow," "limited," and "highly circumscribed" equitable exception to *Coleman*'s general rule.

*Id.* at 2062, 2065, 2066–67, 2068, 2069, 2070. This suggests a strong reluctance to expand the exception beyond the limits of its rationale. Second, the Court restated the core reasoning underlying the exception: When a state makes a deliberate choice "to move trial-ineffectiveness claims outside the direct-appeal process, where counsel is constitutionally guaranteed," that procedural choice, though otherwise permissible, "significantly diminishe[s]" a prisoner's ability to file such claims and is "not without consequences for the State's ability to assert a procedural default." *Id.* at 2068 (quoting *Martinez*, 566 U.S. at 13). Indiana has *not* moved *Strickland* claims outside the direct-appeal process, so the reason for the exception does not exist here.

Finally, the Court expressed deep concern about the systemic costs of expanding *Martinez-Trevino*. *Id.* at 2068–70. The Court worried that extending the exception to a new category of claims would "undermine the doctrine of procedural default and the values it serves." *Id.* at 2070. "That doctrine, like the federal habeas statute generally, is designed to ameliorate the injuries to state sovereignty that federal habeas review necessarily inflicts by giving state courts the first opportunity to address challenges to convictions in state court, thereby 'promoting comity, finality, and federalism.'" *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011)). Expanding *Martinez-Trevino*, the Court said, "would unduly aggravate the 'special costs on our federal system' that federal habeas review already imposes." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 128 (1982)).

The same principles are implicated here. The panel's expansion of *Martinez-Trevino* cannot be justified under the terms of those decisions and is hard to reconcile with the

Court's reasoning in *Davila*. For these reasons and those explained more thoroughly in my panel dissent, we should rehear this case en banc.