In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1631

CHARLES J. MAYBERRY, also known as
CHARLES J. HOMESLEY,

*Petitioner-Appellant,*

*v.*

MICHAEL A. DITTMANN,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 16 CV 47 — **Barbara B. Crabb**, *Judge.*

ARGUED APRIL 5, 2018 — DECIDED SEPTEMBER 14, 2018

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges*.

ROVNER, *Circuit Judge.* In 2008, Charles Mayberry was convicted in Wisconsin state court of multiple counts of second-degree sexual assault and one count of false imprisonment. Mayberry challenged his convictions on both direct and collateral review in Wisconsin state court. After having one

federal petition for a writ of habeas corpus, 28 U.S.C. § 2254, dismissed by the district court as premature, Mayberry fully exhausted his state-court remedies and refiled his habeas petition in the district court. By this point, however, the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty ("AEDPA"), 28 U.S.C. § 2244(d), had expired, and so the district court dismissed Mayberry's petition as untimely. Mayberry acknowledges that his petition was filed outside the one-year limitations period, but argues that he is entitled to equitable tolling on account of his history of mental illness, illiteracy, and lack of counsel to assist him. Alternatively, Mayberry argues that the district court should have held an evidentiary hearing to determine whether his mental limitations warranted equitable tolling. Because we conclude that the district court did not abuse its discretion in concluding that Mayberry failed to meet the high bar necessary to qualify for equitable tolling, we affirm.

## I.

On November 6, 2008, a jury in Dane County Circuit Court found Mayberry guilty of three counts of second-degree sexual assault and one count of false imprisonment. The court entered a judgment of conviction and sentenced Mayberry to twenty years' imprisonment on March 16, 2009. He appealed his conviction, arguing that newly discovered evidence entitled him to a new trial. The Wisconsin Court of Appeals affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review on December 5, 2011. Mayberry did not petition for certiorari in the United States Supreme Court, so his conviction became "final" for purposes of habeas review when the time for filing a certiorari petition expired 90 days

later, on March 5, 2012. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002); 28 U.S.C. § 2244(d)(1)(A) (one-year limitations period runs from the date direct review concludes *or* the expiration of time for seeking such review) (emphasis added).

Thus, beginning on March 6, 2012, Mayberry had one year to file his federal habeas petition. On August 2, 2012, Mayberry filed a motion for a new trial in state court, which stopped the habeas clock from running until it was denied on August 15, 2012. The clock resumed the following day and continued running until November 19, 2012, when Mayberry filed a petition for a writ of habeas corpus in federal district court, alleging ineffective assistance of counsel based on counsel's failure to investigate or raise the issue of Mayberry's competence to stand trial. Mayberry's petition stated that he had filed a "letter/motion" in the state circuit court for postconviction relief, but the circuit court's docket contained no record of such a filing. On January 7, 2013, the district court dismissed Mayberry's petition without prejudice for failure to exhaust his state-court remedies. The court's order explained that Mayberry needed to receive a decision from the state circuit court and then "seek review in the Wisconsin Court of Appeals and the Wisconsin Supreme Court" and invited Mayberry to "refile a timely petition after he has finished presenting his claims to the Wisconsin state courts." Because 28 U.S.C. § 2244(d)(2) excludes from the one-year limitations period only the time that a properly filed *state*-court application for post-conviction relief is pending, the clock on Mayberry's one-year federal habeas filing period continued to run while his unexhausted habeas petition was in the district court. Thus, Mayberry's one-year limitations period expired on March 20, 2013. Not until

several months later, on June 26, 2013, did Mayberry did file a post-conviction motion in the Circuit Court for Dane County.

Mayberry's state court post-conviction motion, *see* Wis. Stat. § 974.06, repeated his argument that he had received ineffective assistance of counsel on account of counsel's failure to raise the issue of Mayberry's competence. Mayberry included a psychological evaluation from 1999 (in an entirely separate proceeding) by Dr. Kent M. Berney deeming Mayberry incompetent to stand trial and unlikely to "regain competency in the requisite time frame of 12 months." The state court held a hearing and denied Mayberry's motion on September 9, 2013. The Wisconsin Court of Appeals summarily affirmed the circuit court's denial of Mayberry's motion, and the Wisconsin Supreme Court denied review on November 4, 2015.

With the assistance of court-appointed counsel, Mayberry then filed his fully exhausted habeas petition in district court on January 20, 2016, approximately six months after his one-year limitations period expired (after accounting for time properly excluded under § 2244(d)(2) for the periods Mayberry's state post-conviction motions were pending). He repeated his claims of ineffective assistance of trial and appellate counsel for failing to investigate whether he was competent to stand trial. Recognizing that his petition was untimely, Mayberry also argued that he was entitled to equitable tolling on account of his mental limitations.

The district court rejected Mayberry's tolling argument, concluding that Mayberry's "conclusory assertions" regarding his difficulties in filing a timely habeas petition were insufficient to support the extraordinary remedy of equitable tolling.

The court also noted that its conclusion regarding Mayberry's failure to show that his mental limitations were so severe as to prevent him from understanding and pursuing his rights also suggested that he likewise would have been unable to prevail on the merits of his ineffective assistance of counsel claims. The district court issued a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2), on the procedural question of Mayberry's entitlement to equitable tolling as well as his underlying claims of ineffective assistance of counsel.

## II.

With the assistance of court-appointed counsel on appeal, Mayberry renews his contention that he is entitled to equitable tolling. Alternatively, he argues that the district court should have held an evidentiary hearing to assess the mental competence issue. Tied to these issues, of course, is his underlying constitutional claim that his trial and appellate counsel were ineffective for failing to raise the issue of his competence to stand trial. Under AEDPA, a prisoner has one year from the date his conviction becomes "final" to file his federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Equitable tolling of AEDPA's one-year limitations period is an extraordinary remedy that is "rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (internal quotations and citation omitted); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2016). It is not, however, "a chimera–something that exists only in the imagination." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). Rather, to satisfy the "high bar," *id.* 763 F.3d at 684, for equitable tolling, a habeas petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *E.g., Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling. *Menominee Indian Tribe of Wisconsin v. United States*, — U.S. —, 136 S. Ct. 750, 755–56 (2016); *Lawrence v. Florida* 549 U.S. 327, 336–37 (2007); *see also Carpenter*, 840 F.3d at 870. We review the district court's conclusion that Mayberry was not entitled to equitable tolling for an abuse of discretion. *Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016);*Socha*, 763 F.3d at 684.

Because the question of Mayberry's diligence must be evaluated in light of the broader picture of his mental limitations, we begin with the extraordinary circumstances prong of the tolling inquiry. This requirement is intended to apply to circumstances outside of the litigant's control. The Supreme Court reaffirmed in *Menominee Indian Tribe* that this element of the equitable tolling test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." 136 S. Ct. at 756 (emphasis in original).

Mayberry identifies a number of different facts to support his claim that he suffers from mental limitations that prevented him from filing a timely habeas petition. First, Mayberry notes that he was in a serious car accident in the late 1980s that left him in a coma for some period of time. He also reported dropping out of school, where he had been enrolled in special education classes, when he was only fifteen. And he relies heavily on the 1999 psychological evaluation by Dr. Berney finding him incompetent to stand trial. In it, Dr. Berney concluded that Mayberry is functioning "in the mild range of

mental retardation." He also reported that on the Wechsler Adult Intelligence Scale III, Mayberry received Full Scale IQ of 64, which placed Mayberry in the intellectually impaired or mentally retarded range. Mayberry also included a Columbia Correctional Institution "inmate classification report" from 2014 with the following notation in the box labeled "Mental Health Class": "MH-2a- Serious Mental Illness (Diagnostic)."

Although it is unlikely that any of these circumstances in isolation would justify equitable tolling, Mayberry insists that taken together they rise to the necessary level of "extraordinary." We have recognized that mental illness may toll a statute of limitations, but "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *See Obriecht*, 727 F.3d at 750–51 (emphasis in original) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). And Mayberry is also correct that we must consider "the entire hand" he was dealt and consider all of the circumstances he faced "and the cumulative effect of those circumstances" to determine whether they were sufficiently extraordinary to prevent him from timely filing his petition. *See Socha* 763 F.3d at 686.

The problem with Mayberry's claim is that so little of his evidence of his mental disability sheds light on the relevant time period for purposes of tolling. That Mayberry was found incompetent to stand trial in 1999 does little to demonstrate that his mental challenges prevented him from understanding and acting on his legal rights between 2012 when his conviction became final and 2016 when he filed his § 2254 petition. This is especially true here, where the state has countered with evidence that Mayberry was later found competent to stand

trial in that very 1999 proceeding for which Dr. Berney's report was prepared, as well as two subsequent state-court proceedings in 2000 and 2004. Mayberry fails to explain how this past finding of incompetence, his low I.Q., or an unelaborated prison classification of "serious mental illness" "actually impaired his ability to pursue his claims." *Obriecht*, 727 F.3d at 751. Indeed, the record indicates that within the one-year limitations period (presumably while suffering from all of these mental limitations), Mayberry managed to file a motion for a new trial in state court as well as the premature federal habeas petition he filed in the district court in November 2012. He also was able to eventually file his motion for post-conviction relief in state court, albeit after the his one-year limitations period had expired.

But he fails to point to anything specific transpiring between the filing of his unexhausted petition in 2012 and his eventual filing in January 2016 of his § 2254 petition that interfered with his inability to understand or pursue his habeas claim. Thus, although Mayberry's mental limitations undoubtedly made filing a petition for habeas corpus difficult, the district court did not abuse its discretion by concluding that he failed to show how those difficulties affected him during the relevant time period to such an extent that he qualifies for the extraordinary remedy of equitable tolling. *See Carpenter*, 840 F.3d at 873; *see also Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (petitioner's allegations that he was "functionally illiterate" and "intellectually disabled" too "conclusory" to justify an evidentiary hearing).

Because we agree with the district court that Mayberry has failed to establish the requisite extraordinary circumstances, it

is unnecessary to address his arguments regarding the first element—whether he diligently pursued his rights throughout the AEDPA period. Because the district court addressed this element, however, we too briefly consider it for completeness. Although the diligence required for equitable tolling is "reasonable diligence" not "maximum feasible diligence," *Holland*, 560 U.S. at 653 internal quotations and citation omitted), mere conclusory allegations of diligence are insufficient and reasonable  effort throughout the limitations period is required, *Carpenter*, 840 F.3d at 870.

In support of his claim of reasonable diligence, Mayberry points to those actions he did take toward filing his properly exhausted habeas petition, including fully appealing his underlying conviction, filing a motion for a new trial, filing his unexhausted petition in district court, and an October 4, 2013 letter seeking assistance from the state public defender's office. That letter, sent over six months after the March 2013 expiration of the statute of limitations, explains that he had recently lost the assistance of an inmate who had helped him file his state post-conviction petition in June 2013. It fails, however, to shed any light on why Mayberry was unable to promptly file his post-conviction petition in state court once the district court dismissed his unexhausted federal petition in January 2013. Given the lack of any specific evidence as to particular hurdles Mayberry encountered in timely pursuing his claim, it was not an abuse of the district court's discretion to conclude that Mayberry's evidence of reasonable diligence lacked the specificity necessary to entitle him to equitable tolling. *Compare Socha*, 763 F.3d at 687–88 (petitioner established that he diligently pursued rights during limitations period with

evidence that he repeatedly wrote his attorney requesting access to his file, requested help from the public defender's office, used limited library time to work on his petition, and contacted the court *before* time expired to ask for an extension) with *Carpenter*, 840 F.3d at 871 (motions requesting a stay were insufficient to establish reasonable diligence given that after filing requests for an extension petitioner waited until nearly seven months after limitations period expired to file habeas petition).

Finally, we are also unpersuaded that the district court abused its discretion by failing to hold an evidentiary hearing into the issue of Mayberry's competence. *See Boulb*, 818 F.3d at 339 (decision whether or not to hold evidentiary hearing in habeas context is reviewed for abuse of discretion). The district court need not hold an evidentiary hearing for vague or conclusory allegations. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Rather, a hearing is warranted when a petitioner alleges facts, which if proven, would entitle him to relief. *Boulb*, 818 F.3d at 339.

As discussed above, Mayberry provided little in the way of specific evidence as to his mental capacity both during the period he requested tolling or at the time of his trial in 2008. The evidence Mayberry did provide—the 1999 competency evaluation, the bare 2014 notation in his prison record that he has "a serious mental illness," and generalized evidence of limited education and intellectual functioning—fails to demonstrate that he was incompetent to stand trial in 2008. There is thus little reason to believe Mayberry could succeed on the merits of his underlying claims of ineffective assistance of counsel. As such, it was not an abuse of the district court's

discretion to decline to hold a hearing to evaluate Mayberry's competency as it relates to his equitable tolling claim. *Carpenter*, 840 F.3d at 871.

### III.

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Mayberry's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely.