In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 19-1683

DEWAYNE PERRY,

*Petitioner-Appellant,*

*v.*

RICHARD BROWN, Warden, Wabash Valley Correctional Facility,

*Respondent-Appellee.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:18-cv-00271-WTL-DLP — **William T. Lawrence**, *Judge.*

———————————

ARGUED JANUARY 29, 2020 — DECIDED FEBRUARY 12, 2020

———————————

Before BAUER, EASTERBROOK, and BRENNAN, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* DeWayne Perry, serving a long sentence for murder, suffers from aphasia, which impairs his ability to speak, write, and understand words. A stroke in 2009 caused Perry's aphasia, a condition that ranges from moderate limitations to complete disability. How

limiting Perry's aphasia is today—or was in 2016 and 2017—is a central but unresolved issue in this litigation.

Perry pursued both direct and collateral review in Indiana's courts. A lawyer was appointed to represent him on the collateral attack, but as far as we can see the lawyer did nothing for him and eventually bailed out, leaving Perry unrepresented. Assisted in this appeal by volunteers from an esteemed law firm, Perry tells us that, after his former lawyer quit and the state judge denied his request for more time, he tried to dismiss his collateral attack without prejudice so that he could obtain assistance and mount a better challenge. Five months after dismissing the state proceeding, he refiled it, adding new legal theories. But the state judge dismissed the renewed application, ruling that the original dismissal had been with prejudice. Perry then filed in federal court a petition under 28 U.S.C. §2254, only to have it summarily dismissed.

Time during which a properly filed state collateral attack is pending is excluded from the one year available to file in federal court. See 28 U.S.C. §2244(d)(2). But Perry's second state proceeding was not properly filed, the federal judge determined, because a second or successive collateral attack in Indiana requires judicial permission that Perry did not seek or obtain. With the time during which Perry pursued his second application in state court counted against the year available in federal court, the federal petition is untimely.

This conclusion, which Perry concedes is correct, led him to ask the federal judge to excuse his delay. The Supreme Court has held that equitable tolling, in addition to the statutory criteria, see §2244(d)(1), can extend the one-year period available for filing. See, e.g., *Holland v. Florida*, 560 U.S. 631

(2010). The Court explained that this means some "extraordinary circumstance", beyond the applicant's control, that prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice. *Id*. at 649–52; see also *Conroy v. Thompson*, 929 F.3d 818, 821 (7th Cir. 2019). Equitable tolling is available only to applicants who diligently tried to protect their rights. Indiana concedes that Perry has displayed all of the diligence needed for tolling but denies that he encountered any extraordinary circumstance that blocked timely filing. The district judge agreed with the state.

The district judge ruled that equitable tolling is possible only when some "external obstacle", see *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017), impeded timely filing. Aphasia is not an "external" obstacle, the judge wrote; it is instead a limitation within the petitioner. It follows, the judge thought, that aphasia (and presumably any other mental limitation) never supports equitable tolling.

Indiana does not defend this reasoning, which is inconsistent with the law of the circuit. Many cases have concluded that an applicant's mental limitations can support equitable tolling. See, e.g., *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016); *Davis v. Humphreys*, 747 F.3d 497, 498 (7th Cir. 2014). These cases show that an "external obstacle" is a barrier beyond a litigant's control. The extent of legal information is controllable; an inmate can go to the prison library and look up the deadline (or ask the librarian or a jailhouse lawyer to do so for him). But mental shortcomings may limit a prisoner's power to engage in self-help. A prisoner with an IQ of 50 cannot do legal research. A prisoner with global aphasia

(that is, inability to use or understand any words) could not even ask someone else to assist him.

Despite conceding that, in principle, aphasia could meet the Supreme Court's standard for equitable tolling, Indiana insists that the record does not show that Perry has serious difficulty in using or understanding words. The state observes that Perry has filed articulate legal documents in both state and federal court—which is true enough but does not necessarily reveal Perry's abilities. His brief in this court is thorough and well written, but this tells us more about Perry's lawyers than about Perry. For him the critical period may be those months when he was trying to represent himself in state court and when, he contends, he and the state judge could not comprehend each other, leading to a dismissal with prejudice when Perry believed that he was still allowed to litigate in state court (and thus to exclude additional time from the year to file in federal court).

This record does not permit us to distinguish two possibilities: first, that Perry's difficulties stem from a brain injury (attributable to the stroke) that left him unable to understand or use language well enough to protect his interests; second, that Perry's difficulties stem from his failure to do enough legal research to understand which time in state court would be excluded under §2244(d)(2) and which would not. The former could support tolling, while the latter would not. And the district judge, having mistakenly believed that brain injuries never permit equitable tolling, did not gather the evidence necessary to decide which of these possibilities (or perhaps some other) explains Perry's delay. This record does not contain any medical analysis of Perry's verbal abilities during the important times.

According to Indiana, a remand to explore these matters would be pointless, because Perry has defaulted his principal substantive argument—that his lawyer rendered ineffective assistance by allowing the state to add a habitual-offender charge after the deadline had expired. Perry contends that neither tactical nor strategic considerations could have supported counsel's decision to allow the prosecutor a retroactive extension of time, given the risk (later realized) that a habitual-offender charge would substantially increase his punishment. (It turned a 55-year sentence into an 85-year sentence.) We have held that similar decisions by defense counsel indeed violate the Sixth Amendment. See, e.g., *Jones v. Zatecky*, 917 F.3d 578 (7th Cir. 2019) (citing other cases). But Indiana contends that Perry has defaulted his ineffective-assistance argument, which was not presented to the state judiciary until his unsuccessful attempt to refile his collateral attack after the original dismissal. A procedural default in state court forecloses federal review, the state observes, making a remand futile.

Procedural defaults may be excused under some circumstances. A brain injury that prevents a prisoner from complying with the state's rules for prosecuting collateral attacks may be one such circumstance. We need not decide, because ineffective assistance of counsel in pursuing an ineffective-assistance claim is another, when the state funnels ineffective-assistance claims to collateral review yet does not furnish the prisoner with a second lawyer to review the first's performance. See *Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013). We held in *Brown v. Brown*, 847 F.3d 502, rehearing en banc denied, 869 F.3d 507 (7th Cir. 2017), that Indiana is such a state. The scanty record assembled to date implies that Perry received ineffective (really,

no) legal aid in pursuing collateral review and therefore did not receive in state court the sort of help that would enable Indiana to use his procedural default to block federal review of an ineffective-assistance claim.

The district court needs to determine whether a brain injury caused Perry's delay in seeking review under §2254, and if so whether circumstances as a whole justify equitable tolling. Once such a decision has been made, appellate review will be deferential, see *Mayberry*, 904 F.3d at 530, but we cannot act on the district judge's behalf. Decision will depend on medical evidence that the record lacks. Because Perry's aphasia could frustrate his ability to gather and present such evidence on his own, it is appropriate for the district court to appoint counsel to assist him. See 18 U.S.C. §3006A(a)(2)(B); *Schmid*, 825 F.3d at 350.

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.