08-0832-pr
Bolarinwa v. Perez

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2009

(Argued: December 7, 2009                    Decided: January 28, 2010)

Docket No. 08-0832-pr

————————

SENORA L. BOLARINWA,

*Petitioner-Appellant*,

—v.—

ELIZABETH WILLIAMS, Superintendent, Bedford Hills Correctional Facility

*Respondent-Appellee*.[*]

————————

B e f o r e :

KATZMANN and LIVINGSTON, *Circuit Judges*,

STANTON, *District Judge*.[**]

————————

Appeal from a Decision and Order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*), dated January 4, 2008, dismissing as untimely Petitioner-Appellant's petition for a writ of habeas corpus. We hold that mental illness can serve as a ground for equitable tolling of the one-year statute of limitations for filing habeas petitions

—————————————

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

[**] The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation.

prescribed by the Antiterrorism and Effective Death Penalty Act.  We accordingly vacate the judgment of the district court and remand to allow Petitioner-Appellant to present that court with evidence in support of her claim for equitable tolling.

––––––––––––––––

THEODORE S. GREEN, Green & Willstatter, White Plains, NY, *for Petitioner-Appellant*.

ASHLYN DANNELLY, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. Mackechnie, Deputy Solicitor General for Criminal Matters, *of counsel*), *for* Andrew M. Cuomo, New York State Attorney General, New York, NY, *for Respondent-Appellee*.

––––––––––––––––

KATZMANN, *Circuit Judge*:

This case calls upon us to determine whether mental illness can serve as a ground for equitable tolling of the one-year statute of limitations for filing habeas petitions prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d)(1).  We hold that it can.  In addition, we find that the district court properly granted Petitioner-Appellant's motion for an extension of time to file a notice of appeal to this Court.  We vacate the judgment of the district court and remand to allow Petitioner-Appellant to present that court with evidence in support of her claim for equitable tolling.

**I**

On July 16, 1995, Petitioner-Appellant Senora Bolarinwa and her father entered a police station in Albany, New York, claiming that they could not locate her three-year-old son; at that time, Bolarinwa made several statements indicating that she had harmed her son. Bolarinwa directed officers to a location on the Hudson River where her son's body was found, and she agreed to accompany the officers back to the police station. After being provided a *Miranda* warning and agreeing to speak with officers, Bolarinwa began to act peculiarly and made statements suggesting that she was responsible for her child's death. *People v. Bolarinwa*, 258 A.D.2d 827, 827-28 (3d Dep't 1999).

Bolarinwa was tried in Albany County Court for murder in the second degree and manslaughter in the first degree for the killing of her son. *Id.* at 827; *see also* N.Y. Penal Law § 125.25(4); *id.* § 125.20(4). Prior to trial the state court determined that Bolarinwa was an incapacitated person and ordered her committed to an institution for care and treatment. In March 1996, after six months of institutionalization, Bolarinwa was certified as fit to proceed to trial by a psychiatrist, who found her depression and suicidal tendencies sufficiently improved to return her to a correctional facility. *Bolarinwa*, 258 A.D.2d at 831. At trial Bolarinwa presented seven experts to testify in support of her affirmative defense that she was not guilty by reason of mental disease or defect. In opposition, the state's expert testified that Bolarinwa did not suffer from a mental disease or defect and did not lack the capacity to appreciate the nature and consequences of her conduct. *Id.* at 831-32.

Bolarinwa was convicted by a jury of murder in the second degree, and judgment was entered on April 4, 1997. She appealed her conviction to the New York Supreme Court, Appellate Division, Third Department, which affirmed, finding that (1) her statements to officers

3

and her prior acts of child neglect were admissible evidence, (2) the trial court did not err in failing to conduct *sua sponte* a second competency hearing during trial, and (3) the jury's verdict was not against the weight of the evidence. *Id.* at 828-32. The New York Court of Appeals denied leave to appeal on August 12, 1999. 93 N.Y.2d 1014 (1999).

Subsequently, on July 11, 2006, Bolarinwa moved in state court for an order vacating her conviction pursuant to N.Y. Crim. Proc. Law § 440.10, arguing that the evidence adduced at her trial was insufficient to support her conviction and that a juror may have been sleeping during the proceedings. The court denied the motion and the Appellate Division denied leave to appeal on September 22, 2006. Bolarinwa's subsequent motion for a writ of *coram nobis*, alleging ineffective assistance of appellate counsel, was denied by the Appellate Division; on June 28, 2007, an Associate Justice of the Supreme Court, Appellate Division denied leave to appeal to the Court of Appeals.

On August 14, 2007 Bolarinwa filed a *pro se* petition for a writ of habeas corpus in the United States District Court for the Southern District of New York; the petition was subsequently transferred to the Northern District of New York as the appropriate jurisdiction. Construed broadly, the petition and its 172-page attachment raise more than a dozen claims. Of relevance for the present appeal, in the section of the petition addressing timeliness Bolarinwa contends that the AEDPA one-year limitations period should not "bar this petition because [she] pursued post-conviction remedy and collateral attack," but she does not specify the dates of her state-court filings. In response to a request from the district court, Bolarinwa filed a subsequent affidavit stating the dates upon which her state petitions were denied, but not when they were

4

filed. Nowhere in the habeas petition does Bolarinwa argue that the statute of limitations should be equitably tolled on account of her mental illness.

On January 4, 2008 the district court dismissed Bolarinwa's petition and entered judgment, finding that her state petitions could not have been filed earlier than 2005 and thus there was a five-year gap between expiration of the AEDPA one-year limitations period on or about November 12, 2000 and the commencement of her state collateral actions. On February 14, 2008, Bolarinwa submitted to the court a notice of appeal and a motion for an extension of time to file the notice; in her motion she explained that she had failed to file the notice within the prescribed thirty-day period because she had been waiting for a letter establishing her history of mental illness. The district court granted the motion for extension of time and directed the clerk to file the notice of appeal.

That same day Bolarinwa filed a motion requesting a certificate of appealability from the district court, arguing that she was entitled to equitable tolling of the limitations period because she "was mentally incapable of functioning to do diligence in regard to legal remedy in a timely fashion." In a supporting document she asserted that "her psychiatric problems made it impossible for her to timely file habeas corpus petition," that she was "depressed, anxious, and grieving," and that her "mental condition, aggravated by the tragic death of her three children, father and grandfather, burdened her efforts to file her habeas petition." She also alleged that medication and "placement in psychiatric units within the state prison system" left her incapacitated. She provided specific dates for several hospitalizations, but only one, from February 24 to March 14, 2000, occurred prior to the expiration of the one-year AEDPA filing period. She also stated that she was subsequently admitted to psychiatric units at the Bedford

5

Hills Correctional Facility "on occasion" or "at various times." In addition, Bolarinwa attached a letter from Eloise Warren ("the Warren letter"), a social worker at Bedford Hills, which stated that Bolarinwa had been treated for a variety of mental illnesses through psychotherapy and pharmacotherapy. The Warren letter asserted generally that during her incarceration Bolarinwa had been "trying to become mentally stable" and that "the tragic death of her children . . . made it difficult for her to focus on filing a habeas petition." The letter did not provide specific dates regarding Bolarinwa's treatment or progress.

The district court denied Bolarinwa's motion for a certificate of appealability, stating simply that "[a]fter reviewing the file" it would deny the motion "for the reasons set forth in [its] prior Decision and Order" of January 4. The court added that, "[a]s discussed in the Court's prior Decision and Order, there is no evidence that the limitations period was tolled, and the Petition signed by Petitioner on August 9, 2007 . . . was clearly untimely." The court did not mention Bolarinwa's equitable tolling argument. Bolarinwa filed a motion for a certificate of appealability with this Court on March 25, 2008, which was granted on the following issue: "whether mental illness may qualify as an 'extraordinary circumstance' sufficient to equitably toll the [AEDPA] one-year statute of limitation period."

## II

As a preliminary matter, the State argues that the district court erred in granting Bolarinwa an extension of time to file her notice of appeal to this Court. We review for abuse of discretion the district court's grant of an extension of time for filing a notice of appeal. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (per curiam). In general, a litigant must file a notice

6

of appeal within thirty days of entry of judgment. Fed. R. App. P. 4(a)(1)(A). The district court may grant an extension of the filing deadline if one is requested within thirty days of the expiration of the filing period and so long as the movant "shows excusable neglect or good cause." *Id.* at 4(a)(5)(A); *see Goode*, 252 F.3d at 245. The district court dismissed Bolarinwa's habeas petition on January 4, 2008; she did not move for an extension of time to file until February 14, 2008. In her motion for an extension, Bolarinwa contended that she had "good cause" for the untimely filing because she was "waiting for supporting documentation," i.e., the Warren letter, which she asserted she did not receive until February 8, 2008. The Warren letter itself is dated February 8.

The State argues that, in granting the extension, the district court "did not make the necessary finding of 'good cause,'" but offers no evidence supporting this allegation, nor does it cite any authority requiring the court to explicitly make such a finding. *See Goode*, 252 F.3d at 245 (noting the district court's failure to articulate reasons for granting an extension but reversing primarily on different grounds). Even if such a finding were necessary, the district court's handwritten endorsement of Bolarinwa's motion suggests that the court granted it for precisely the reasons it articulated. The State also argues that because Bolarinwa did not need the Warren letter in order to file a notice of appeal, late receipt of the letter cannot constitute good cause for her untimely appeal. While it is true that the notice of appeal itself need not be buttressed by substantive justification, *see* Fed. R. App. P. 3(c)(1), a habeas petitioner seeking appellate review of the denial of her petition must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), in order to secure the requisite certificate of appealability from the district or circuit court, Fed. R. App. P. 22(b)(1).

7

Accordingly, a *pro se* petitioner like Bolarinwa can be excused for believing she had to justify her appeal at the same time she gave notice of it, and the district court was well within its discretion in granting her a short extension for her notice of appeal. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.").

**III**

We now turn to the district court's denial of Bolarinwa's habeas petition as untimely. The question of whether mental illness can equitably toll the AEDPA statute of limitations has not been definitively answered by this Court. *See Rios v. Mazzuca*, 78 F. App'x 742, 743 (2d Cir. 2003) ("For the sake of this appeal, we need only assume that a petitioner seeking habeas relief can in some rare and exceptional circumstances rely on proof of mental illness to justify equitable tolling of the AEDPA's limitation period."). We now hold that, under the appropriate circumstances, it can. As we explain below, this holding is perfectly consonant with our caselaw, as recognized by both parties to the instant case. Furthermore, several of our sister circuits have affirmatively determined the same. *See McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) ("[T]he mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations."); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline . . . the deadline should be equitably tolled."); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)

8

(alleged mental incompetence can toll the limitations period if it "affected the petitioner's ability to file a timely habeas petition"), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("We have recognized the possibility that mental incompetency might support equitable tolling of a limitation period.").

As a general matter, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted). Accordingly, this Court has clearly stated that the AEDPA limitations period will only be tolled in "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (quoting *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999)), and where the petitioner "demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding," *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). The term "extraordinary" does not refer to the uniqueness of the petitioner's circumstances, "but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).

This Court has also determined that mental illness can warrant equitable tolling of a statute of limitations in a range of cases outside the habeas context. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (untimely EEOC complaint); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (untimely Title VII complaint); *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000) (failure to timely seek EEO counseling related to a

9

Rehabilitation Act claim); *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (failure to timely seek judicial review of the denial of disability benefits). We see no reason why mental illness cannot similarly toll the AEDPA statute of limitations.

Our caselaw has made clear, however, that mental illness does not toll a filing deadline *per se*; determining whether equitable tolling is warranted in a given situation is a "highly case-specific inquiry." *Brown*, 287 F.3d at 60 (internal quotation marks omitted). The burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, she must offer a "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos*, 201 F.3d at 185. Therefore, in order to justify tolling of the AEDPA one-year statute of limitations due to mental illness, a habeas petitioner must demonstrate that her particular disability constituted an "extraordinary circumstance" severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so.

**IV**

Bolarinwa did not present her equitable tolling argument to the district court until she filed her motion for a certificate of appealability on February 14, 2008. In denying that motion on March 6, 2008, the district court stated that, "[a]s discussed in the Court's prior Decision and Order" of January 4, 2008, "there is no evidence that the limitations period was tolled." Neither the January 4 order denying Bolarinwa's habeas petition nor the March 6 order denying the motion for a certificate of appealability indicates that the court considered mental illness as a ground for equitable tolling.

Although the State argues that the evidence in the record on appeal does not support a finding of a causal relationship between Bolarinwa's mental illness and the years of delay in filing her habeas petition, we find that the "highly case-specific inquiry" called for in these circumstances is most appropriately conducted by the district court in the first instance. *See Valverde*, 224 F.3d at 132. The decision as to whether an evidentiary hearing is warranted is similarly consigned to the district court, *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003), though we note that such hearings may be especially useful when a "limited record [has been] presented to the district court," *Brown*, 287 F.3d at 60.

Because the district court has not had a full opportunity to consider whether Bolarinwa's alleged mental illness excuses the untimely filing of her habeas petition, we vacate the district court's order denying Bolarinwa's petition and remand to allow her to present the court with evidence in support of her claim for equitable tolling.