**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2016[*]
Decided August 18, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1443

| | |
|---|---|
| MARCIA A. RANSOM, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 15cv6108 |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee*. | James B. Zagel, |
| | *Judge*. |

**O R D E R**

Marcia Ransom, a civilian, worked for the federal government at a Navy Exchange, a discount store serving primarily members of the Navy. She was fired in early 2014 for shopping at the store, something that civilians generally may not do. *See* 10 U.S.C. § 2488(a), (f); DOD Instruction 1330.21, Enclosure 6 (July 14, 2005) (listing "authorized patrons"), *available at* http://www.dtic.mil/whs/directives/corres/pdf/

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

133021p.pdf. Ransom filed an administrative claim with the Navy—a prerequisite to filing this suit under the Federal Tort Claims Act, *see* 28 U.S.C. § 2675(a)—stating that her supervisor had slandered her by accusing her of shopping. The Navy denied the claim and advised her that she had "six months from the date of mailing" of the denial letter "to file suit in the appropriate Federal district court." *See id.* § 2401(b). Five days after the six months had run, Ransom filed this action against the federal government. She alleged that two of her supervisors had slandered her by falsely telling her manager that she had shopped at the Navy Exchange without authorization. She described her injuries as "[s]evere mental and emotional stress, financial hardship and relapse of [her] depression."

The district court granted the government's motion to dismiss. The government had contended that Ransom's suit was barred by the statute of limitations and by sovereign immunity. The FTCA claim was barred under 28 U.S.C. § 2401(b) because Ransom had not sued within six months of the government's denial of her administrative claim. And under 28 U.S.C. § 2680(h), the government's waiver of sovereign immunity did not apply to a claim that, like Ransom's slander-based claim, arises out of an intentional tort. Ransom responded by raising an equitable-tolling argument. She maintained that the court should excuse her untimely filing because the loss of her job had revived a severe depression and triggered other maladies, such as fatigue and disorientation. Ransom included with her response a psychiatrist's report from five years earlier diagnosing her as having depressive disorder. The district court rejected Ransom's equitable-tolling argument and dismissed the suit as untimely.

Ransom's appellate brief doesn't address the district court's decision. Instead, she asserts that sovereign immunity does not block her FTCA suit. But the only FTCA claim that she pursues on appeal arises out of the allegedly slanderous accusation that she shopped at the Navy Exchange without permission. As the government rightly argued in the district court—and repeats on appeal—slander is an intentional tort to which the FTCA's waiver of sovereign immunity does not apply. *See* 28 U.S.C. § 2860(h); *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013).

Because sovereign immunity bars this suit, we need go no further, but for completeness we observe that the only contention Ransom raises about the timeliness of her suit is also meritless. She argues that the mailing of the letter denying her administrative claim should not have started the six-month statute of limitations because, she says, the attorney who wrote and sent the letter represents the government

and is therefore biased. This contention is frivolous, as accepting it would render inoperative the limitations period set out in 28 U.S.C. § 2401(b).

Finally, although Ransom does not dispute the district court's rejection of her request for equitable tolling, we note that equitable tolling can apply to complaints filed under the FTCA, *see United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), and a mental impairment can warrant tolling a federal period of limitations, *see Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014); *Miller v. Runyon,* 77 F.3d 189, 191–92 (7th Cir. 1996). We have, however, refrained from articulating precisely when a mental impairment justifies tolling. *See Davis*, 747 F.3d at 499–501. And we see no need to do so here given that Ransom's suit is barred by sovereign immunity and that she fails on appeal even to mention equitable tolling.

AFFIRMED.