Ganley v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand eighteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **RICHARD C. WESLEY,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

Kevin P. Ganley,

        *Plaintiff-Appellant*,

     v.                                                              17-1704

City of New York, Carol Blitzstein, Kelly Sandler, White Plains Hospital, Westchester Medical Center, St. Vincents Hospital,

        *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**        Kevin P. Ganley, pro se, White Plains, N.Y.

**FOR DEFENDANTS-APPELLEES:**

**CITY OF NEW YORK**                     Susan Paulson, Of Counsel (Deborah A.
                                         Brenner, Of Counsel, *on the brief*), *for*
                                         Zachary W. Carter, Corporation Counsel of
                                         the City of New York, New York, N.Y.


**CAROL BLITZSTEIN**                     David Bloom, Kaufman Borgeest & Ryan
                                         LLP, Valhalla, N.Y.


**KELLY SANDLER**                        Kelly Sandler, pro se, White Plains, N.Y.


**WHITE PLAINS HOSPITAL**                Michael N. Romano, Pilkington & Leggett,
                                         P.C., White Plains, N.Y.


**WESTCHESTER MEDICAL CENTER**           William H. Bave, Jr., Wilson, Bave,
                                         Conboy, Cozza & Couzens, P.C., White
                                         Plains, N.Y.


**ST. VINCENTS HOSPITAL**                Charles A. Collins, Jr., Collins, Fitzpatrick
                                         & Schoene, LLP, White Plains, N.Y.


Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kevin P. Ganley, proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. In 2015, Ganley brought a § 1983 suit against his ex-wife, his former marital therapist, New York City, and three hospitals. He alleged that the defendants' actions caused him to be involuntarily committed for psychiatric treatment and forcibly medicated for several years beginning in 1994. The district court denied Ganley's motion

2

for the appointment of counsel. It then granted the defendants' motions to dismiss Ganley's original complaint, reasoning that the § 1983 claims were barred by the statute of limitations and Ganley was not entitled to statutory or equitable tolling. It permitted Ganley to amend his complaint. However, it subsequently granted the defendants' motions to dismiss the amended complaint with prejudice, reasoning that Ganley had not cured the deficiencies related to the timeliness of his complaint or shown that he was entitled to equitable tolling. Ganley appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the district court's denial of a motion to appoint counsel, denial of leave to amend, and determination about whether equitable tolling is warranted. *Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010) (counsel); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (amendment); *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (equitable tolling). Upon such review, we conclude that the district court did not abuse its discretion when it denied Ganley's motion for the appointment of counsel, concluded that he was not entitled to equitable tolling, and declined to grant leave for him to amend his complaint a second time.

## I. Appointment of Counsel

To determine whether to appoint counsel in a civil case, a district court should first consider whether the indigent litigant's position is likely to be of substance. *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). If the district court determines that "threshold requirement" has been met, it should then consider factors including the litigant's ability to investigate his claims, the litigant's ability to present the case, the complexity of the legal issues, and "any special reason

3

. . . why appointment of counsel would be more likely to lead to a just determination." *Id*. at 61-62. Here, the district court assumed the threshold requirement had been met for purposes of the petition. The district court then properly considered the *Hodge* factors and reasonably concluded that Ganley's claims were not especially complex, that he had not indicated that he had actually sought to retain counsel, and that he had not demonstrated that appointment of counsel was necessary to prosecute his claim in a meaningful manner or to reach a just result. The district court did not abuse its discretion in reaching this determination.

## II.    Equitable Tolling

Equitable tolling is applied in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). To qualify for equitable tolling, a litigant must show that he diligently pursued his rights, but extraordinary circumstances prevented timely filing. *Id.* Mental illness can justify equitable tolling in some circumstances, but the litigant seeking equitable tolling bears the burden of demonstrating that it is appropriate in his specific case. *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010). To do so, he must offer a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Id.* (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). A "conclusory and vague claim" that the litigant suffers from a mental illness will not suffice. *Boos*, 201 F.3d at 185. Here, the district court properly concluded that Ganley's allegations about his condition were conclusory because he did not provide details about the onset of his condition or how it prevented him from pursuing his claims. Although he now argues that he suppressed the memory of the defendants' conduct, he did not raise that argument until his appellate reply brief, *see Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016); *Conn.*

4

*Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010), and in any event his allegations in his original and amended complaints suggested that he *could* function generally and pursue his rights. According to Ganley's pleadings, he reported his alleged mistreatment to his doctor, his insurance company, and his employer; obtained an order of protection and a divorce; and became a successful member of the community.

### III. Leave to Amend

A district court should grant a pro se litigant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The district court does not abuse its discretion when it denies leave to amend because amendment is "unlikely to be productive." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the district court granted Ganley leave to amend when it dismissed his original complaint, and it provided a detailed explanation of the deficiencies he should address. The district court was not required to give Ganley another opportunity to address the same deficiencies.

We have considered Ganley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5