In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3624

BILL CONROY,

*Petitioner-Appellant,*

*v.*

SCOTT THOMPSON,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:16-cv-00338 — **David R. Herndon**, *Judge.*

ARGUED FEBRUARY 21, 2019 — DECIDED JULY 11, 2019

Before EASTERBROOK, SYKES, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* Bill Conroy filed a petition for a writ of habeas corpus in 2016 to challenge an Illinois state court conviction from 2007. Although he admitted that he had not filed his petition within the one-year limitations period, he claimed that his mental condition justified equitable tolling. The district court disagreed, concluding both that his petition was untimely and that he had not met the high bar necessary to establish equitable tolling. We agree and affirm.

I.

In 2004, Bill Conroy was indicted in Illinois state court for solicitation of murder, solicitation of murder for hire, and attempted first-degree murder. Before trial, the state court held a hearing to determine his competency to stand trial. After hearing from two state experts and one defense expert, the court determined that Conroy was fit to stand trial. On May 8, 2007, Conroy pleaded guilty and was sentenced to thirty years in prison. He did not appeal.

Later in 2007, Conroy received mental health services through the Illinois Department of Corrections and was diagnosed with depressive and schizoaffective disorders. In 2008, however, Conroy's mental evaluations indicated that he was "alert and oriented," that his "[t]hought processes were logical, coherent and goal directed," and that his "[i]nsight and judgment were fair." His psychiatrist also noted in one 2008 report that Conroy "denied any auditory [or] visual hallucinations or delusions."

In 2009, Conroy filed a postconviction petition in state court arguing, among other things, that his counsel provided ineffective assistance by not investigating his case and by coercing him into pleading guilty. The state trial court rejected Conroy's arguments, and the state appellate court affirmed. In 2014, Conroy filed several other postconviction motions in state court, which were denied. Throughout this time, Conroy unsuccessfully sought help with his legal issues from the prison library staff. He also says that because he had no money, he was unable to hire "prison lawyers" to help him.

In 2016, Conroy filed a pro se petition in federal court under 28 U.S.C. § 2254, which permits persons in state custody

to apply for habeas relief on the ground that their custody violates the Constitution or laws of the United States. Because Conroy named the wrong respondent, however, the district court dismissed his petition without prejudice and appointed a federal public defender to help him amend it. In the amended petition, Conroy alleged that his trial counsel was ineffective in arguing that he was not fit to stand trial. Conroy also argued that the timing for filing his petition should be equitably tolled because his mental limitations prevented him from understanding his legal rights from 2008 until he filed his petition in 2016.

The state nevertheless moved to dismiss the petition as untimely and argued that Conroy was not entitled to equitable tolling. The district court agreed. It determined that Conroy's mental limitations were not an extraordinary circumstance and that he had failed to show that he had been reasonably diligent in pursing his claim throughout the limitations period. So there was no basis for equitably tolling the time for filing the petition. The court also denied Conroy a certificate of appealability.

Conroy sought a certificate of appealability, and we granted it on two questions: (1) whether Conroy is entitled to equitable tolling, and (2) "whether trial counsel was ineffective for not arguing that the state psychologist's evaluation revealed" that Conroy was unfit to stand trial. Because we agree with the district court that Conroy's untimely petition is not entitled to equitable tolling, we need only address the former.

## II.

The government initially argued that Conroy's amended petition constituted a second or successive petition because the district court dismissed his first petition without prejudice for failing to name the correct respondent. If that were true, it would have required Conroy to get our permission before filing with the district court. *See* 28 U.S.C. § 2244(b)(3). But as the government correctly acknowledged before oral argument, when a district court dismisses a petition without prejudice because of a technical or procedural deficiency, the cured second petition counts as the first. *See Pavlovsky v. Van-Natta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Conroy's petition, therefore, is not a second or successive petition, and his appeal is properly before us.

We next consider the timeliness of Conroy's § 2254 petition. We review for abuse of discretion the district court's decision concluding that Conroy's untimely petition was not entitled to equitable tolling, *see Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017), and we see none here.

A state prisoner generally has only one year from the date that his conviction becomes final to seek federal habeas corpus relief. § 2244(d)(1)(A). Conroy's conviction became final on June 7, 2007, so the limitations period for filing a habeas petition expired on June 7, 2008. Conroy didn't file his habeas petition until 2016. Although Conroy admits that he did not meet the one-year time bar, he argues that mental limitations—that he is illiterate, has emotional issues, and was diagnosed with schizoaffective disorder—entitle him to equitable tolling.

A petitioner is entitled to equitable tolling only if he can show both that extraordinary circumstances prevented him from timely filing and that he has been diligently pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). We have repeatedly emphasized that such tolling is rare—reserved for those circumstances "far beyond the litigant's control." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (citation omitted). Mental incompetency may constitute an extraordinary circumstance that justifies equitable tolling, but "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). We've said that this means that the petitioner must provide evidence establishing that his mental issues "actually impaired his ability to pursue his claims" throughout the limitations period. *See Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (quoting *Obriecht v. Foster*, 727 F.3d 744, 751 (7th Cir. 2013)); *see also Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014) (explaining that the petitioner must show "[s]omething more than but-for causation").

Conroy's evidence falls far short of this standard. We must note first that Conroy was found competent to stand trial by the Illinois state court in 2006. And he has not provided evidence establishing that his mental issues drastically deteriorated after that presumptively correct finding. *See* 28 U.S.C. § 2254(e). In fact, the record reveals that the opposite is true.

Take the fact that, in 2008, Conroy's psychiatrist found that his "[t]hought processes were logical, coherent and goal directed" and that his "[i]nsight and judgment were fair." This determination casts serious doubt on Conroy's assertion

that he had the kind of mental deficiency that would constitute an extraordinary circumstance. Moreover, Conroy filed both a post-conviction petition and a request for counsel with the state court in 2009, and he filed several additional motions with the state court in 2014. These filings show that Conroy had the capacity to engage in the legal process. *See Obriecht*, 727 F.3d at 751 (concluding that the petitioner failed to establish a basis for equitable tolling when he "filed direct and collateral appeals in state court between 2003 and June 2005, the period during which he asserts that his mental health prevented him from seeking state review of his claims in this case"). Finally, most damning of all, Conroy originally attributed his failure to timely file his habeas petition not to mental limitation, but to the fact that he "was unaware of time limits." *See Davis*, 747 F.3d at 500 ("[P]risoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling.").

Given these facts, the district court was well within its discretion to conclude that Conroy failed to prove that extraordinary circumstances prevented him from timely filing. *See Mayberry*, 904 F.3d at 531 ("[A]lthough [the petitioner's] mental limitations undoubtedly made filing a petition for habeas corpus difficult, the district court did not abuse its discretion by concluding that he failed to show how those difficulties affected him during the relevant time period to such an extent that he qualifies for the extraordinary remedy of equitable tolling."). We thus need not consider whether he diligently pursued his rights.

We AFFIRM the district court's judgment concluding that Conroy's untimely petition did not warrant equitable tolling.