*Kucharczyk v. Steiner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

Present:
>   DEBRA ANN LIVINGSTON,
>       *Chief Judge*,
>   REENA RAGGI,
>   MICHAEL H. PARK,
>       *Circuit Judges*.

_____

IWONA KUCHARCZYK,

>       *Plaintiff-Appellant*,

>   v.                                                        24-3082

DAVID STEINER, IN HIS CAPACITY AS POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE,

>       *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Scott Michael Mishkin, Scott Michael Mishkin P.C., Islandia, New York. |
| For Defendant-Appellee: | Mary M. Dickman, Varuni Nelson, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Central Islip, New York. |

Appeal from an order and judgment of the United States District Court for the Eastern

District of New York (Ann M. Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Iwona Kucharczyk appeals from the September 30, 2024 order and judgment of the United States District Court for the Eastern District of New York granting Defendant-Appellee David Steiner's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  Kucharczyk asserted claims against David Steiner, in his capacity as Postmaster General of the United States Postal Service ("USPS"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.* ("Rehabilitation Act"), alleging discrimination based on her national origin, failure to accommodate a disability, and retaliation.[2]  The parties agreed to itemize the alleged adverse actions ("AAAs") underlying her claims as AAAs 1-13.  On appeal, Kucharczyk argues that the district court erred: (1) in finding that AAAs 1-6 were untimely and that she was not entitled to equitable tolling with respect to AAAs 1-3, and (2) in dismissing her retaliation claims on the grounds that AAAs 8, 11, 12, and 13 were not materially adverse and that, with respect to AAAs 7, 9, and 10, there was insufficient evidence of causation.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\* \* \*

---

[1] The district court treated Defendant-Appellee's motion to dismiss pursuant to Federal Rules of Civil Procedure l2(b)(l) and l2(b)(6) and motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as a single motion for summary judgment.

[2] Kucharczyk has waived any challenge to her national origin discrimination claims under Title VII.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We review a district court's grant of summary judgment *de novo*. *See Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir. 2008). Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine issue' exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007).

## I.     Timeliness of AAAs 1-6

Prior to bringing a Title VII or Rehabilitation Act claim, a federal employee is required to exhaust her claims in accordance with the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC"). *See Mathirampuzha v. Potter*, 548 F.3d 70, 74–75 (2d Cir. 2008) (Title VII); *see also Bruce v. U.S. Dep't of Just.,* 314 F.3d 71, 74 (2d Cir. 2002) (Rehabilitation Act). Under EEOC regulations, a federal employee must consult with a counselor at the agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act. *See Mathirampuzha*, 548 F.3d at 75. "The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001).

The district court concluded that USPS was entitled to summary judgment as to claims predicated on AAAs 1 through 6 because Kucharczyk did not adequately exhaust her administrative remedies. We agree. AAAs 1-3 occurred more than 45 days prior to Kucharczyk's

3

first request for EEO counseling on December 7, 2017. Moreover, Kucharczyk never asserted AAAs 4-6 before the EEO.[3]

Kucharczyk argues as to AAAs 1-5 that these alleged adverse actions are nonetheless actionable because they are reasonably related to AAA 13, which the district court deemed timely asserted. "[C]laims which are 'reasonably related' to [an] EEOC charge may be brought in a subsequent federal court action." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998); *see Terry v. Ashcroft*, 336 F.3d 128, 150–51 (2d Cir. 2003) (applying reasonably-related test where federal employee asserts claims before agency's EEO). However, AAAs 1-5 represent discrete acts, which are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Thus, even assuming *arguendo* that AAAs 1-5 were each asserted before the agency and reasonably related to a timely asserted claim, they would not be actionable.

Nor was Kucharczyk entitled to equitable tolling with respect to AAAs 1-3. We review a district court's determination that equitable tolling is unavailable for abuse of discretion. *See Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013). Equitable tolling is available "only in rare and exceptional circumstances." *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (internal quotation marks omitted). The plaintiff bears the burden of establishing that tolling is appropriate. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506,

---

[3] In addition, even assuming *arguendo* that AAAs 5 and 6 had been asserted before the EEO, the district court did not err in dismissing Kucharczyk's Rehabilitation Act claim based on these alleged adverse actions because the record demonstrates that USPS did not refuse to make a reasonable accommodation. After Kucharczyk requested a transfer, she was informed that she could initiate a transfer by using the eReassign portal, contacting her union, or submitting a formal request for a reasonable accommodation. Kucharczyk acknowledges that the District Reasonable Accommodation Committee ("DRAC") contacted her to engage in an interactive accommodation process and provides no support for the claim that these efforts constituted an act of retaliation. Additionally, DRAC provided Kucharczyk with instructions regarding the process of reassignment to a different Post Office. Thus, Kucharczyk has failed to adduce evidence supporting a finding that USPS refused to make a reasonable accommodation.

512 (2d Cir. 2002). "As a general matter, a litigant seeking equitable tolling must establish two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotation marks omitted). "[T]he question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific." *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000). The plaintiff must show that her "particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so." *Bolarinwa*, 593 F.3d at 232.

Kucharczyk argues that the district court mischaracterized the record in stating that she corresponded with her employer and filed claims with the Office of Workers' Compensation Programs and her union during the relevant period of March through November 2017. This erroneous premise, she maintains, led the court to underestimate the extent to which her mental illness impaired her ability to file a timely EEO charge. She contends that her husband's testimony establishes that he prepared and submitted these documents on her behalf because she was unable to do so.

However, the record reflects that Kucharczyk remained involved in preparing and submitting documentation during the relevant period. Although Kucharczyk's husband testified that he assisted Kucharczyk in completing her December 7, 2017 Information for Pre-Complaint Counseling because she was too sick to write, he did not indicate that he was responsible for the claims and correspondence submitted during the relevant period of March through November 2017. Indeed, even with respect to the December 7, 2017 Information, her husband stated that it was Kucharczyk's decision to submit the documentation and that the two worked together to

5

complete the form. Moreover, in her testimony, Kucharczyk acknowledges that she typed and signed a note that was submitted to her employer on September 12, 2017 and that she signed other correspondence during the relevant period. We agree with the district court that the record indicates that, notwithstanding her documented psychiatric condition, Kucharczyk remained capable of timely filing. Accordingly, the district court did not abuse its discretion in finding that Kucharczyk was not entitled to equitable tolling.

## II. Retaliation Claims (AAAs 7-13)

"[T]o establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023) (italics added). "A 'materially adverse action' is one that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "Material adversity is to be determined objectively, based on the reactions of a reasonable employee." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011). "[P]etty slights or minor annoyances that often take place at work and that all employees experience" do not constitute materially adverse actions. *Burlington*, 548 U.S. at 68. Moreover, an employer's enforcement of its preexisting disciplinary policies in a reasonable manner does not amount to a materially adverse employment action. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014).[4]

---

[4] To the extent Kucharczyk argues that AAA 6 should be evaluated as a claim of retaliation for her December 7, 2017 EEO Pre-Complaint counseling request, this argument fails. Reasonably related retaliation claims are excused from the exhaustion requirement "if they arise during the pendency of an EEOC investigation or a timely filed federal case."

6

AAAs 8, 11, and 12 reflect actions taken in conformity with USPS policies. "Without more, no reasonable jury could conclude that these acts of discipline, either alone or in conjunction with the other acts of retaliation [Kucharczyk] alleges, represented a departure from [USPS's] normal disciplinary practices, such that they might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks omitted). Moreover, Kucharczyk's broad and vague claim of harassment in AAA 13 is insufficient to constitute a materially adverse action.

We also agree with the district court that the scant evidence marshaled by Kucharczyk is insufficient to establish causation with respect to AAAs 7, 9, and 10. "A causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)). Kucharczyk has presented no direct evidence of retaliatory animus, and she has failed to adduce sufficient circumstantial evidence from which a reasonable jury could find a causal link between AAAs 7, 9, and 10 and the alleged protected activity. Even construing the evidence in the light most favorable to her and drawing all reasonable inferences against USPS, Kucharczyk has failed to present a *prima facie* claim of retaliation with respect to any of the alleged

---

*Duplan v. City of New York*, 888 F.3d 612, 614 (2d Cir. 2018) (emphasis omitted). Nevertheless, even if AAA 6 arose during the pendency of such an investigation—and it is not clear that it did, because Kucharczyk did not file her formal EEO Complaint until March 2018—Kucharczyk has not adduced evidence of a causal connection between AAA 6 and her Pre-Complaint Counseling Request as necessary to survive summary judgment. As a result, even if AAA 6 could have been deemed exhausted, it was properly dismissed.

7

adverse actions.  Accordingly, the district court did not err in granting summary judgment to USPS on Kucharczyk's retaliation claims.[5]

*    *    *

We have considered Kucharczyk's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

---

[5] Although the district court stated that the only protected activity that could serve as a predicate for AAAs 7, 9, and 10 is the December 2017 Pre-Complaint Counseling Request, it appears that Kucarczyk's March 2018 formal EEO Complaint also pre-dates these AAAs, which occurred in May and June of 2018**.**  While under certain circumstances we have found that a gap of two months between protected activity and alleged retaliatory conduct supports an inference of causation, *see, e.g.*, *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 92 (2d Cir. 2015), we have also held a similar gap to be too attenuated to raise such an inference in the absence of other circumstantial evidence, *see, e.g.*, *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 – 86 (2d Cir. 1990) (passage of approximately three months between protected activity and retaliatory conduct did not raise inference of causation).  Because Kucharczyk has provided no other evidence, circumstantial or direct, that would establish a causal connection between the March 2018 EEO Complaint and AAAs 7, 9, and 10, the district court did not err in granting summary judgment as to those claims.

8